UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAM VAN TRAN,<br><br>        Petitioner,<br><br>        v.<br><br>WARDEN,<br><br>        Respondent. | No.  1:26-cv-02168-DAD-CKD<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 12, 17) |

On March 19, 2026, petitioner Tam Van Tran filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  On April 17, 2026, petitioner filed an amended petition for writ of habeas corpus.  (Doc. No. 12.)  Petitioner alleges that he was ordered removed on August 18, 1999, was taken into custody on or about November 11, 2025, and has remained in detention since then.  (*Id.* at 1–2.)  Petitioner seeks immediate release and the awarding of costs. (*Id.* at 10.)  On May 11, 2026, petitioner filed a motion for temporary restraining order.  (Doc. No. 17.)

Also on May 11, 2026, respondent filed an opposition to the motion for temporary restraining order.  (Doc. No. 19.)  Therein, respondent argues that petitioner is detained pursuant to 8 U.S.C. § 1231(a)(6), and this detention is lawful because petitioner violated the terms of his

1

release, is a danger to the community, and his removal is likely in the reasonably foreseeable future. (*Id.* at 1–5.)

"The Supreme Court read an implicit limitation into the statute in light of the Constitution's demands, holding that § 1231(a)(6) does not authorize indefinite detention and limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Hilario M.R. v. Warden, Mesa Verde Det. Ctr.*, No. 1:24-cv-00998-EPG (HC), 2025 WL 1158841, at *4 (E.D. Cal. Apr. 21, 2025) (internal quotation marks omitted) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001)). "A six-month period of detention is presumptively reasonable." *Vlasov v. Bondi*, No. 25-cv-01342-AJB-MSB, 2025 WL 2258582, at *2 (S.D. Cal. Aug. 7, 2025). "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Here, petitioner has now been detained for over six months, was ordered removed in 1999 and yet immigration officials have not managed to remove him in the almost three decades since the removal order was issued. *See Burunsuzyan v. Noem*, No. 5:26-cv-00049-RGK-AGR, 2026 WL 246067, at *5 (C.D. Cal. Jan. 27, 2026) (finding the petitioner was subject to prolonged detention even where the petitioner had not yet been detained for six months because immigration officials had failed to remove the petitioner for decades). Because respondent merely asserts without explanation that petitioner's removal is likely in the reasonably foreseeable future, the court finds that the government has not responded with evidence sufficient to rebut petitioner's showing. As such, petitioner's detention has now become prolonged, and the court will grant the pending petition for writ of habeas corpus in part.[1]

---

[1] Whether petitioner has violated the terms of his release or is a danger to the community, without more, is not relevant to the court's analysis. Detention where removal is not significantly likely in the reasonably foreseeable future can be authorized only under some special circumstances. *See Zadvydas*, 533 U.S. at 691, 696 (noting that certain special circumstances such as dangerousness in conjunction with mental illness or national security threats may permit detention beyond the six-month period). The regulations promulgated as 8 C.F.R. § 241.14 list these special circumstances, none of which respondent has argued are present in this case.

For the reasons explained above,

1.  Petitioner's petition for writ of habeas corpus (Doc. No. 12) is GRANTED in part;

    a.  Respondent is ORDERED to immediately release petitioner, A-File No. 073-286-307, from respondent's custody on the same conditions he was subject to immediately prior to his November 11, 2025 detention;

    b.  Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

    c.  Petitioner's request for costs is DENIED without prejudice to bringing a properly noticed and supported motion;

2.  Petitioner's renewed motion for a temporary restraining order (Doc. No. 17) is hereby DENIED as having been rendered moot in light of this order granting his petition for habeas relief on the merits;

3.  The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Facility; and

4.  The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: __**May 17, 2026**__                    _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE